PETER B. CROGHAN and Others, Respondents, v. DAVID STAMBLER and Others, Appellants.— Motion to resettle order granted so as further to modify injunction order by striking therefrom the provisions that defendants Muntefering and Mencaccy are restrained from using their property for business or other than solely for residential purposes for the occupation of one family, and by inserting in place and stead thereof a provision that defendants Muntefering and Mencaccy are restrained from using their property for any purpose other than the erection of apartments or private dwelling houses.  Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

LOUIS DESCHENES and Another, Appellants, v. FRANCIS J. N. TALLMAN and Another, Respondents.— Motion for reargument denied.  Motion for leave to appeal to the Court of Appeals granted.  Present — Lazansky, P. J., Young, Kapper, Hagarty and Seger, JJ.    Settle order on notice.

THE FRANKLIN SOCIETY FOR HOME BUILDING AND SAVINGS, Respondent, v. JOSEPH REIZOVIC, Appellant.— Motion for reargument of motion denied, without costs.  Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

PASQUALE GRASSI, Respondent, v. THE LUSTBADER CONSTRUCTION CO., INC., Appellant.  P. GRASSI & BRO., INC., Defendant.— Motion for stay denied, with ten dollars costs.  Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

EDWARD F. HALLIGAN and Others, Respondents, v. NATIONAL DRUG STORES CORPORATION, Defendant.  NATIONAL SURETY COMPANY, Appellant.— Motion for reargument denied, with ten dollars costs.  Motion for leave to appeal to the Court of Appeals denied, without costs.  Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.

In the Matter of the Application of the BROOKLYN BAR ASSOCIATION to Discipline an Attorney (ROBERT J. MAYER).— On reargument, report of official referee confirmed and respondent disbarred.  Lazansky, P. J., Rich, Hagarty and Carswell, JJ., concur; Lazansky, P. J., and Hagarty, J., who participated in the determination of the original motion and voted that respondent should be suspended from practice,* are now of opinion that respondent having misappropriated his client's funds, they attached unwarranted importance to the compromise made by respondent with his client after this proceeding was commenced.  Kapper, J., dissents and votes for a suspension from practice in accordance with the original decision of the court, with the following memorandum: I see no reason for a departure from our original determination.  There is no material change of facts.  Our decision was deliberately and carefully made.  In the circumstances, I feel that what we did was the result of the deliberate judgment of the majority of the court, and I, therefore, adhere to my original vote.

JEANNE KOROWITZ, Appellant, v. IRVING KOROWITZ, Respondent.— Motion for leave to argue on original papers granted.  Present — Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ.